UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>RCA CREDIT SERVICES, LLC<br>    a Florida Corporation; and<br><br>RICK LEE CROSBY, JR., individually,<br>    and as an officer or manager of<br>    Defendant; and<br><br>BRADY WELLINGTON, individually,<br>    and as an officer or manager of<br>    Defendant;<br><br>Defendants. | Case No. 8:08-cv-2062-T-27MAP |

## PRELIMINARY INJUNCTION ORDER

The Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed a Complaint for Injunctive and Other Equitable Relief, including temporary, preliminary, and permanent injunctive relief, rescission of contracts and restitution, disgorgement of ill-gotten gains, immediate access, expedited limited discovery and an asset freeze, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57(b), and under Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), and having moved for preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil

Procedure and M.D. Fla. L. R. 4.05(b), and the Court having considered the Complaint, declarations, exhibits, and points and authorities of law filed in support of the Commission's motion, and all other motions filed in the matter, and having heard argument, finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto.

2. There is good cause to believe that venue properly lies with this Court.

3. There is good cause to believe that the Defendants have engaged and are continuing to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Credit Repair Organizations Act ("CROA") 15 U.S.C. §§ 1679-1679j, and, as such, the Commission is likely to prevail on the merits of this action.

To establish liability under Section 5, the FTC must demonstrate that: (1) there was a representation; (2) the representation was likely to mislead customers acting reasonably under the circumstances; and (3) the representation was material. *See FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003). As demonstrated by the seven Consumer Declarations submitted in connection with Plaintiff's Motion for a Temporary Restraining Order, the two Supplemental Consumer Declarations submitted in support of the instant Motion, and additional Exhibits and Declarations in support of Plaintiff's Motion for a Temporary Restraining Order, the Commission has established a likelihood of success in showing that Defendants have made unqualified oral and written misrepresentations by telephone and through their websites. Specifically, Defendants have represented that: (1) consumers can raise their F.I.C.O. credit scores to over 700 in as little as thirty days; and (2) Defendants can remove "any or all" negative

credit information from credit reports. The evidence indicates that the first representation is misleading because the addition of trade lines to a consumer's credit report does not ensure a credit score increase (Quinn Dec. ¶ 7), at least seven consumers did not have the promised trade lines added to their credit histories (Chiniquy Dec. ¶ 17; Harris Dec. ¶ 18; Jones Dec. ¶ 29; Marolda Dec. ¶ 17; Mitchell Dec. ¶ 13; Smith Dec. ¶ 12; Thiefault Dec. ¶ 19), there are certain consumers for whom there is nothing that can be done to raise a credit score over 700 in thirty days (Quinn Dec. ¶ 9), and at least four consumers did not receive the promised improvement in their scores to over 700 (Harris Dec. ¶ 19; Jones Dec. ¶ 19; Marolda Dec. ¶ 13; Smith Dec. ¶ 13) The evidence indicates that the second misrepresentation is misleading because, according to the Declaration of Tim Puckett, of Experian Information Solutions, credit bureaus must report accurate, non-obsolete information in a credit report. (Puckett Dec. ¶¶ 3-4). Finally, these representations were material because they involve a core characteristic of the credit repair service and were used to induce consumers to purchase Defendant's services.

With respect to the Commission's claims pursuant to CROA, any violation of CROA is a violation of Section 5. 15 U.S.C. § 1679h(b). Based on the Consumer Declarations, Supplemental Consumer Declarations, and additional Exhibits and Declarations filed in support of their Motion for a Temporary Restraining Order, the Commission has demonstrated a likelihood of success on the merits of their claims that Defendants violated CROA by: (1) charging an upfront fee from consumers (Harris Dec. ¶ 11; Marolda Dec.¶¶ 10, 12; Smith Dec.

¶ 11; Jones Dec. ¶ 15); (2) failing to provide the mandatory written disclosure of the consumers' rights under state and federal law (Chiniquy Dec. ¶ 16; Harris Dec. ¶ 12; Jones Dec. ¶ 16); (3) failing to include in the contract the mandatory notification of the consumers' right to cancellation (Chiniquy Dec. ¶ 16; Harris Dec. Att. B; Jones Dec., Att. B.); and (4) making untrue and misleading statements as set forth above.

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief in the form of monetary restitution, rescission of contracts or disgorgement will occur from the sale, transfer, or other disposition or concealment by the Defendants of their assets or corporate and/or business records unless the Defendants are restrained and enjoined by Order of this Court.

5. There is good cause to believe that the Defendants will attempt to conceal the scope of their illegal actions to avoid returning their ill-gotten gains to consumers injured by the Defendants' unlawful practices if not restrained from doing so by Order of this Court.

6. There is good cause to believe that ordering an asset freeze and repatriation of foreign-located assets for all Defendants is necessary in order to preserve the possibility of complete and meaningful relief for consumers at the conclusion of this litigation. In addition, the Commission had demonstrated a likelihood that Defendants Crosby and Wellington are individually liable and properly subject to an asset freeze. *See F.T.C. v. Gem Merchandising Corp.*, 87 F.3d 466, 470 (11th Cir. 1996). Specifically, the Consumer Declarations establish that

Defendants Crosby and Wellington directly participated in making the alleged misrepresentations. In addition, based on Defendant RCA Credit Services, LLC's corporate records, it also appears that Crosby and Wellington have authority to control the company, as they are listed as managers, and Crosby is the registered agent. (Childs Dec., Att. E).

7. Weighing the equities and considering the Commission's likelihood of ultimate success, a Preliminary Injunction with an asset freeze and other equitable relief is in the public interest. Defendants' alleged conduct is current and appears to be ongoing, as demonstrated by their recent contact with consumers and maintenance of their company websites.

8. No security is required of the Commission, as an agency of the United States, for the issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(c).

### Definitions

For purposes of this Preliminary Injunction, the following definitions shall apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad.

2. "Assisting others" includes, but is not limited to, knowingly providing any of the following goods or services to another entity: (1) performing customer services functions,

including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing or billing services of any kind.

3. "Corporate Defendant" means RCA Credit Services, LLC, and its successors and assigns.

4. "Individual Defendants" means Rick Lee Crosby, Jr. and Brady Gilbert Wellington.

5. "Defendants" means all of the Individual Defendants and Corporate Defendant, individually, collectively, or in any combination.

6. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

# **ORDER**

## I. PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE FEDERAL TRADE COMMISSION ACT

IT IS THEREFORE ORDERED that the Defendants, and each of their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any entity, trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, including, but not limited to credit repair services or other credit-related services, are hereby enjoined from making any false or misleading representation, or from assisting others from making any false or misleading representation, either orally or in writing, expressly or by implication, the following:

- A. that they can remove negative information from consumers' credit reports or profiles even where such information is accurate and not obsolete;

- B. that they will substantially improve for consumers who respond to their advertisements their credit scores "into the 700s" within 30 days or other short period of time;

- C. that consumers will receive a credit card or access to a revolving credit account from Defendants;

- D. that Defendants will substantially reduce consumers' debts, including, but not

        limited to the representations that: (1) Defendants will negotiate a substantial reduction in consumers' interest rates; or (2) that Defendants will obtain settlements with consumers' creditors for substantially reduced amounts; or

E.     any fact material to a consumer's decision to purchase any good or service from Defendants.

## II. PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE CREDIT REPAIR ORGANIZATIONS ACT

IT IS FURTHER ORDERED that the Defendants and each of their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services are hereby and enjoined from:

A.     Charging or receiving money or other valuable consideration for the performance of credit repair services that the Defendants have agreed to perform before such services were fully performed, in violation of 15 U.S.C. § 1679b(b);

B.     Failing to provide a written statement of "Consumer Credit File Rights Under State and Federal Law," in the form and manner required by the Credit Repair Organizations Act, to consumers before any contract or agreement was executed, in violation of 15 U.S.C. § 1679c(a);

C.     Failing to include on their consumer contracts conspicuous statements regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which the consumers signed the contracts, in violation of 15 U.S.C. § 1679d(b)(4);

D.     Failing to provide a written "Notice of Cancellation," in the form and manner required by the Credit Repair Organizations Act, to consumers before any contract or agreement was executed, in violation of 15 U.S.C. § 1679e(b);

E.     Making any untrue or misleading statements to induce consumers to purchase their credit repair services in violation of 15 U.S.C. § 1679b(a)(3), including, but not limited to the representations:

    a.     that the Defendants can remove negative information from consumers' credit reports, even where such information is accurate and not obsolete; and

    b.     that they will substantially improve for consumers who respond to their advertisements their credit scores "into the 700s" within 30 days or other short period of time.

### III. ASSET FREEZE

IT IS FURTHER ORDERED that the Defendants and each of their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert

or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby enjoined from:

    A.    Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, wherever located, including outside the United States, that are:

        1.    owned or controlled by, or in the actual or constructive possession of any Defendant;

        2.    owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

        3.    held by an agent of any Defendant as a retainer for the agent's provision of services to the Defendants; or

        4.    owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants, including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company,

       commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.     Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

C.     Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

D.     Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

E.     Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

IT IS FURTHER ORDERED that the assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Preliminary Injunction.

## IV. DUTIES OF ASSET HOLDERS

IT IS FURTHER ORDERED that, pending final judgment and determination of the Commission's Complaint, any financial or brokerage institution, business entity, or person served with a copy of this Preliminary Injunction that holds, controls or maintains custody of any

account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled or maintained custody of any such account or asset at any time since September 1, 2005, shall:

- A. Prohibit any person or entity from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by further order of the Court or authorized in writing by the Commission;

- B. Deny any person or entity access to any safe deposit box that is:

    1. titled in the name of any Defendant, either individually or jointly;

       or

    2. otherwise held for the benefit of or subject to access by any Defendant.

- C. Provide the Commission's Counsel, within five (5) business days of receiving a copy of this Preliminary Injunction, a sworn statement setting forth:

    1. the identification number of each such account or asset titled in the name, individually or jointly, or held on behalf of, or for the benefit of, any Defendant;

    2. the balance of each such account, or a description of the nature and value of such asset as of the time this Preliminary Injunction is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the

     name of the person or entity to whom such account or other asset was remitted; and

  3.  the identification of any safe deposit box that is either titled in the name, individually or jointly, or is otherwise subject to access by any Defendant;

D.  Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the FTC to obtain copies of any such records which the FTC seeks.

## V. FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that each Defendant and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them shall:

A.  Within three (3) business days following the service of this Preliminary

Injunction, take such steps as are necessary to transfer to the territory of the United States of America all documents and assets that are located outside of such territory and are held by or for the Defendants or are under the Defendants' direct or indirect control, jointly, severally, or individually;

B. Within three (3) business days following service of this Preliminary Injunction, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America and are held by or for the Defendants or are under the Defendants' direct or indirect control, jointly, severally, or individually;

C. Hold and retain all transferred documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds.

## VI. INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that the Defendants, and each of their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device are hereby enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section of this Preliminary Injunction, including but not limited to:

    A.    Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to the preceding Section of this Preliminary Injunction;

    B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Preliminary Injunction, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to the preceding Section of this Preliminary Injunction.

## VII.  PRODUCTION OF DOCUMENTS

IT IS FURTHER ORDERED that the Federal Rules of Civil Procedure shall govern the timing and all other aspects of discovery following the issuance of this Preliminary Injunction.

## VIII.  DISCLOSURE OF CONSUMER LISTS

IT IS FURTHER ORDERED that the Defendants, and each of their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, are enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any

defendant, at any time prior to entry of this Preliminary Injunction, in connection with the credit repair services or other credit-related services. Provided, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

### IX. CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning any Defendant.

### X. PRESERVATION OF EXISTING RECORDS

IT IS FURTHER ORDERED that the Defendants, and each of their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device are hereby enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal and business cancelled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records

of any kind that relate to the business practices or business or personal finances of the Defendants, individually and jointly.

## XI. DUTIES OF HOSTS OF DEFENDANTS' COMPUTER EQUIPMENT

IT IS FURTHER ORDERED that any person who owns or controls any business premises or other location on which any computer equipment owned or leased by any Defendant is located shall:

- A. Disconnect any such computer equipment from the Internet and from any other means of remote access by Defendants or any other person, and take no step to reconnect the computer equipment except as authorized by further order of this Court;

- B. Deny the Defendants and any other person access to the computer equipment except as authorized by further order of this Court;

- C. Prevent the removal of the computer equipment from its present location except as authorized by further order of this Court; and

- D. Provide Counsel for the Commission, within five (5) business days of receipt of a copy of this Preliminary Injunction, with a sworn statement disclosing the location of the computer equipment, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size and capacity of any mass storage arrays or devices, in order that the Commission may arrange for imaging of the contents of any such mass storage arrays or devices.

## XII. TELEPHONE SERVICES

IT IS FURTHER ORDERED that upon Request by the Commission, any company providing telephonic services to Defendant RCA Credit Services, LLC shall provide a reference of calls from the telephone number(s) presently assigned to Defendant RCA Credit Services, LLC to any such number designated by the Commission.

## XIII. DISTRIBUTION OF PRELIMINARY INJUNCTION BY DEFENDANTS

IT IS FURTHER ORDERED that each of the Defendants shall immediately provide a copy of this Preliminary Injunction to each affiliate, sales entity, successor, assign, member, officer, employee, agent, servant, attorney, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Preliminary Injunction, provide the Commission with a sworn statement that the Defendants have complied with this provision of the Preliminary Injunction, which statement shall include the names and addresses of each such person or entity who received a copy of this Preliminary Injunction.

## XIV. SERVICE OF ORDER

IT IS FURTHER ORDERED that copies of this Preliminary Injunction may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Preliminary Injunction including, but not limited to, the Defendants. Pursuant to Fed. R. Civ. P. 4(c)(2), this Preliminary Injunction and the initial papers filed in this matter may be served on the Defendants, upon the business premises of the Defendants, and upon any financial institution or

other entity or person that may have possession, custody or control of any documents or assets of any Defendant, or that may be subject to any provision of this Preliminary Injunction, by employees of the Commission, by employees of any other law enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by Plaintiff. Service of any subsequent papers filed in this matter upon the Defendants may be served by any means, including facsimile transmission, email, and overnight delivery service.

## XV. STAY OF ACTIONS

IT IS FURTHER ORDERED that except by leave of the Court, during the pendency of this action before the Court, the Defendants and all other persons and entities hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of the Corporate Defendant, including but not limited to the following actions:

    A.    Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    B.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Corporate Defendant or any property claimed by the Corporate Defendant, or attempting to foreclose, forfeit, alter or terminate any of the Corporate Defendants' respective interests in property, whether such acts are part of a judicial proceeding or otherwise;

    C.    Using any form of set-off, alleged set-off, or any form of self-help or executing

or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Corporate Defendant; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Corporate Defendant.

This Section does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**DONE AND ORDERED** in chambers this 30th day of October 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties