UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.  Case No. 8:08-cv-2062-T-27MAP

RCA CREDIT SERVICES, LLC a Florida
Corporation,

RICK LEE CROSBY, JR., individually,

and BRADY WELLINGTON, individually,

Defendants.
_____/

**FINAL JUDGMENT AND**
**PERMANENT INJUNCTION**

Summary Judgment in favor of Plaintiff having been entered against Defendants RCA CREDIT SERVICES, LLC. and RICK LEE CROSBY, JR., individually, as to Counts I and III through VII of the Complaint, and the Court having found in favor of Plaintiff and against Defendants RCA CREDIT SERVICES, LLC. and RICK LEE CROSBY, JR., individually, as to Count II of the Complaint after trial, the Court FINDS and CONCLUDES:

1. Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and sections 404(a)(3), 404(b), 405(a), 406(b)(4) and 407(b) of the Credit Organization Act ("CROA"), 15 U.S.C. §§ 1679b(a)(3), 1679b(b), 1679c(a), 1679d(b)(4) and 1679e(b) in connection with the operation of a credit repair organization, as that term is defined in Section 403(3) of CROA, 15 U.S.C. § 1679a(3), by advertising, marketing, promotion, offering for sale, and sale of credit repair services, by making untrue or misleading statements to induce consumers to purchase credit repair services,

including, but not limited to, the representations that Defendants could improve consumers' credit scores into the 700s in as little as 30 days, and that Defendants could remove any or all negative credit information from credit reports.

2. Defendants violated Section 404(b) of CROA, 15 U.S.C. § 1679b(b), by charging or receiving money or other valuable consideration for the performance of credit repair services that Defendants agreed to perform before such services were fully performed, and violated Section 405(a) of CROA, 15 U.S.C. § 1679c(a), by failing to provide a written statement of "Consumer Credit File Rights Under State and Federal Law," in the form and manner required by CROA, to consumers before any contract or agreement was executed.

3. Defendants violated Section 406(b)(4) of CROA, 15 U.S.C. § 1679d(b)(4) by failing to include on their consumer contracts conspicuous statements regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which the consumers signed the contracts.

4. Defendants violated Section 407(b) of CROA, 15 U.S.C. § 1679e(b) by failing to provide a written "Notice of Cancellation," in the form and manner required by CROA, to consumers before any contract or agreement was executed.

5. Defendants are likely to continue to engage in acts and practices in violation of the FTC Act and Credit Organization Act unless they are permanently enjoined.

6. The Federal Trade Commission is entitled to equitable monetary relief against Defendants in the amount of $351,529.16 for which Defendants RCA CREDIT SERVICES, LLC. and RICK LEE CROSBY, JR., individually, are jointly and severally liable. Defendant Wellington is jointly and severally liable with Defendants RCA CREDIT SERVICES, LLC. and RICK LEE

CROSBY, JR., individually, for $204,517.43.

## PERMANENT INJUNCTION

**IT IS ORDERED**: Defendants, individually and collectively, whether acting directly or through and in concert with any other person or entity, including through Defendants' successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are **permanently restrained and enjoined from**:

### BAN ON CREDIT REPAIR SERVICES

A. Advertising, marketing, promoting, offering for sale, or selling any credit repair product or service, including publications, e-books and any form of written and oral communication; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any credit repair service.

### PROHIBITED CREDIT REPAIR CLAIMS

C. Claiming, stating, implying or representing, in connection with the advertising, marketing, promotion, offering for sale or sale of any credit repair product or service, in any manner, expressly or by implication that:

    1. A consumer can increase their credit score "into the 700s" within 30 days or other short period of time;

    2. A consumer can remove any or all negative information from their credit report;

3

3. A consumer can or should make any statement, the intended effect of which is to alter the consumer's identification, to prevent the display of the consumer's credit record, history, or rating for the purpose of concealing adverse information that is accurate and not obsolete, including but not limited to, obtaining an Employer Identification Number or Taxpayer Identification Number.

## PROHIBITED REPRESENTATIONS

D. Misrepresenting, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, any material fact, including but not limited to:

1. Any aspect of any credit repair product or service not already prohibited herein;

2. The terms or rates available for any loan or other extension of credit;

3. The nature of any extension of credit, including but not limited to, the provision of any buyer's club or discount club product or service as credit cards;

4. Any aspect of any debt relief product or service, including but not limited to, the savings a consumer will receive from purchasing, using, or enrolling in such debt relief product or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls;

5. That a consumer will receive legal representation;

6. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

       7.     The total costs to purchase, receive, or use, and the quantity of, the product or service;

       8.     Any restriction, limitation, or condition to purchase, receive, or use the product or service; and

       9.     Any aspect of the performance, efficacy, nature, or characteristics of the product or service.

### PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

       E.     Disclosing, using, or benefitting from sensitive customer information, including the name address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the sale of credit repair products or services; and

       F.     Failing to take reasonable measures to protect against unauthorized access to or use of sensitive consumer information when disposing of information obtained in connection with the advertising, marketing, promotion, offering for sale, or sale of any credit repair products or services or other credit-related products or services. "Sensitive consumer information" shall include (i) an individual's Social Security number; financial account number; or any other information that enables a person to access another person's account (such as credit card, debit card, checking, savings, money market, stock, commodities, share or similar account, utility bill, or mortgage loan account), and (ii) an individual's name or address or phone number in combination with the individual's date of birth, driver's license number or other state identification number or a foreign country equivalent, or passport number.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED**:

G.    Judgment in favor of Plaintiff is entered against Defendants RCA CREDIT SERVICES, LLC. and RICK LEE CROSBY, JR., individually, jointly and severally, in the amount of $351,529.16, of which $204,517.43 is joint and several with Defendant Wellington. Interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall accrue on the unpaid balance;

H.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. Defendants RCA and Crosby shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Commission; and

I.    All sums on deposit with JP Morgan Chase in the name of RCA CREDIT SERVICES, LLC. shall immediately apply toward this judgment. The Commission shall file an

appropriate motion identifying the account number and for an order directing said institution to immediately remit said funds to the Commission in accordance with this order.

J. All sums on deposit with Washington Mutual Bank in the name of RICK LEE CROSBY, JR. shall immediately apply toward this judgment. The Commission shall file an appropriate motion identifying the account number and for an order directing said institution to immediately remit said funds to the Commission in accordance with this order.

## DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Assets of Defendants RCA CREDIT SERVICES, LLC. and RICK LEE CROSBY, JR., and BRADY WELLINGTON shall remain in effect until this judgment is satisfied, *provided, however*, that Defendants, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to satisfy the purposes of this order.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction for purposes of construction, modification, and enforcement of this Order. The Clerk shall close this case.

**ORDERED ADJUDGED** this 28th day of July, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies:
Counsel of record
Defendants