UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.  Case No. 8:08-cv-2062-T-27MAP

**RCA CREDIT SERVICES, LLC**
a Florida Corporation,
**RICK LEE CROSBY, JR.,** individually,
and **BRADY WELLINGTON,** individually,

**Defendants.**
_____/

## ORDER

**THIS MATTER CAME BEFORE THE COURT** during a March 15, 2012 hearing at which Defendant Rick L. Crosby, Jr. ("**Crosby**") was directed to appear and show cause why he should not be held in civil contempt for failure to comply with the requirements of the October 5, 2011 Order (the "**Contempt Order**") requiring him to pay $7,935.39 into the registry of the Court as a compensatory contempt sanction.[1] *See* Dkts. 211, 219.[2]

District courts have inherent power to enforce compliance with their orders through civil contempt. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *Shillitani v. U.S.*, 384 U.S. 364, 370 (1966); *United States v. United Mine Workers*, 330 U.S. 258, 330-332 (1947)

---

[1] The contempt sanction was imposed after the Court found by clear and convincing evidence that Crosby violated the Final Judgment and Permanent Injunction (Dkt. 131) and the Amended Final Judgment and Permanent Injunction (Dkt. 139). *See* Dkt. 200.

[2] This was the second hearing at which Crosby was directed to show cause why he should not be held in contempt for failing to comply with the Contempt Order. During a February 28, 2012 hearing, the parties entered into an oral stipulation regarding payment of the sanction. The second hearing was scheduled after the parties failed to timely reduce the stipulation to writing (due to Crosby's refusal to "unconditionally" agree to the terms of the stipulation) as directed by the Court.

(Black and Douglas, JJ., concurring in part and dissenting in part). In the Eleventh Circuit, the party moving for contempt bears the burden of establishing by "clear and convincing" evidence that the underlying order was violated. *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). This clear and convincing proof must demonstrate that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the party to be held in contempt had the ability to comply with the order. *McGregor v. Chierco*, 206 F.3d 1378, 1383 (11th Cir. 2000).

If the moving party makes a *prima facie* showing that a party subject to a court order has violated that order, the burden shifts to that party to produce evidence explaining its noncompliance. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

The Contempt Order is a lawful order properly entered by the Court and Crosby's obligations under the Contempt Order are clear, definite, and unambiguous. The Federal Trade Commission ("FTC") also established by clear and convincing evidence that Crosby violated the Contempt Order because he has not deposited the required $7,935.39 payment in the registry of the Court.[3] As a result, the burden was on Crosby to produce evidence explaining his noncompliance. *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (quoting *Chairs v. Burgress*, 143 F.3d 1432, 1436 (11th Cir. 1998)).

While the inability to comply is a complete defense to a contempt citation, the respondent must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). Despite being offered the opportunity to present evidence at two separate hearings explaining

---

[3] The record reflects that Crosby deposited $500 with the court on February 28, 2012. *See* Dkt. 216.

2

his noncompliance with the Contempt Order, Crosby failed to produce any such evidence. As a result, Crosby has not satisfied his burden and a finding of civil contempt against Crosby is warranted.

In fashioning a remedy or sanction for civil contempt, a court has broad discretion, "measured solely by the 'requirements of full remedial relief.'" *U.S. v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999) (quoting *Citronelle-Mobile*, 943 F.2d at 1304). For example, a court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *see Smalbein v. City of Daytona Beach*, 353 F.3d 901, 907 (11th Cir. 2003). "In establishing the amount to impose, the court must consider several factors, including the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the amount of the contemnor's financial resources and consequent seriousness of the burden to him." *Matter of Trinity Indus., Inc.*, 876 F.2d 1485, 1493-94 (11th Cir. 1989).

The Court concludes that a determinate sentence of 60 days incarceration with the opportunity for Crosby to purge the finding of contempt is an appropriate sanction given Crosby's history of noncompliance with this Court's orders. *See United Mine Workers of America*, 330 U.S. at 304-06; *see also Uphaus v. Wyman*, 364 U.S. 388, 403-404 (1960) (Douglas, J., dissenting).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Rick L. Crosby, Jr. is found to be in civil contempt for his continuing failure to comply with the Contempt Order (Dkt. 200).

(2)     In order to coerce Defendant Rick L. Crosby, Jr.'s compliance with the Contempt Order, Crosby is sentenced to a period of imprisonment of sixty (60) days to begin at 9:00 a.m. on March 23, 2012.

(3)     Crosby may purge the current finding of contempt and avoid incarceration by paying $1,000 into the registry of the Court on or before **March 22, 2012, at 4:00 p.m.**

(4)     If Defendant Rick Lee Crosby, Jr. fails to purge the current finding of contempt as provided in paragraph (3) above, Crosby is directed to report to the U.S. Marshals Service on the 4th Floor of the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, FL 33602 on **March 23, 2012, at 9:00 a.m.** to begin serving his period of incarceration.

**DONE AND ORDERED** in Tampa, Florida, on this 19th day of March, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies:
Counsel of record
Rick L. Crosby, Jr., *Pro Se*
Other unrepresented parties